United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2003

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-31406

HOWARD LAMAR RAY,

Petitioner-Appellant,

versus

BURL CAIN,

Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-198

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit Judges.

PER CURIAM:[*]

Howard Lamar Ray ("Ray") appeals the dismissal of his 28 U.S.C. § 2254 application. The

district court held that Ray failed to establish a prima facie case of discrimination in the selection of

grand jury forepersons in Lincoln Parish, Louisiana. Ray argues that the district court utilized an

incorrect time period in determining that he failed to establish a prima facie case of discrimination.

Ray contends that a review of the grand jury forepersons selected in Lincoln Parish between 1977

and1991, the year he was indicted, clearly shows prima facie evidence of discrimination.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Ray, who is white, has standing to bring a constitutional claim of discrimination against the selection of black grand jury forepersons. See Campbell v. Louisiana, 523 U.S. 392, 400 (1998); Peterson v. Cain, 302 F.3d 508, 512 (5th Cir. 2002). Despite the Respondent's protestations to the contrary, Ray's claim is not procedurally barred from federal habeas review because the state court decided his case on the merits. See Bledsue v. Johnson, 188 F.3d 250, 256 (5th Cir. 1999).

Racial discrimination in the selection of a grand jury or its foreperson violates a defendant's Fourteenth Amendment right to equal protection of the laws. See Rose v. Mitchell, 443 US. 545, 551-54 (1979); Guice v. Fortenberry, 661 F.2d 496, 498-99 (5th Cir. 1981) (en banc). To support such a claim, the petitioner must establish a prima facie case of discrimination with regard to the selection of a grand jury foreperson. See Rideau v. Whitely, 237 F.3d 472, 485 (5th Cir. 2000). To establish a prima facie case, the petitioner must:

(1)     establish that the group against whom discrimination is asserted is a recognizable, distinct class, singled out for different treatment;
(2)     prove the degree of underrepresentation by comparing the proportion of the group in the total population to the proportion called to serve, here as foreman, over a significant period of time; and
(3)     support the presumption thus created by showing that the selection procedure is susceptible to abuse or is not racially neutral.

Id. When the petitioner has established a prima facie case, the burden shifts to the State to rebut the presumption.

The district court found that Ray established the first and third of these elements. The district court, however, found that Ray failed to establish the degree of underrepresentation in the selection of blacks to serve as grand jury forepersons. In reaching this conclusion, the district court considered the United States Census Bureau statistics for Lincoln Parish for the years 1970, 1980, 1990, and 2000 and the lists of grand jury forepersons, including their race, from 1975 to 2000. The district

2

court determined that in the 45 grand juries empaneled in Lincoln Parish from March 10, 1975, through March 13, 2000, t here had been at least eight black forepersons, resulting in a 21.96% disparity between the percentage of black persons in the population and the percentage of black grand jury forepersons. The district court further held, however, that the 1990 to 2000 time period was the pertinent time period. From 1990 to 2000, five of the grand jury forepersons were black, resulting in a racial disparity of only 13.42%. The district court then determined that the standard deviation during the 1990-2000 time period was approximately 1.5. Finally, the district court held that the 1.5 standard deviation and the racial disparity of 13.42% did not constitute a degree of underrepresentation indicative of racial discrimination against black persons in the selection of grand jury forepersons in Lincoln Parish.

Ray argues that the relevant time period is the 15 year period from 1977 to and including 1991, the year he was indicted. From 1977 to 1991, Ray contends that only two black forepersons were selected. We agree with Ray that the district court utilized the incorrect time period in determining the degree of underrepresentation of blacks serving as grand jury forepersons. The district court offered no support for selecting the 1990-2000 time period, and this Court finds none in the jurisprudence of the Supreme Court or this Court. The cases involving discrimination in the selection of grand jury forepersons establish that the relevant time period is that leading up to the indictment in question. See e,g.,Rideau, 237 F.3d at 488 (utilizing the time period from 1954 to 1961 in a case where the defendant was indicted in 1961); Castenda v. Partida, 430 U.S. 482, 495-96 (1997) (holding that the petitioner established a prima facie case of discrimination in grand jury selection by showing that, in the eleven year period prior to his 1972 indictment, only 39% of the persons summoned for grand jury service were Mexican American despite the fact that Mexican

3

Americans comprised 79% of the county's population); <u>Rose</u>, 443 U.S. at 570 (utilizing the time period from 1951 to 1973 in a case where the defendant was indicted in 1972).

The district court's judgment is VACATED and the matter REMANDED for the district court to consider the evidence of discrimination in the time period before and including Ray's 1991 indictment.

VACATED and REMANDED.